**UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br><br>ERNEST R. HOLLENBECK<br>    Debtor,<br><br>CORDELL & CORDELL, P.C.<br>    Movant,<br><br>v.<br><br>ERNEST R. HOLLENBECK,<br>    Respondent. | Case No. 22-21515-GLT<br><br>Chapter 13<br><br>Dkt. No. |

### MOTION FOR LEAVE TO FILE AN AMENDED PROOF OF CLAIM

Defendant Cordell & Cordell, PC ("Cordell"), by and through its attorneys, Dickie, McCamey & Chilcote, P.C., files the following Motion for Leave to File an Amended Proof of Claim and in support thereof, states as follows:

### PARTIES

1. Ernest R. Hollenbeck ("Debtor") commenced this case on August 3, 2022 (the "Petition Date") by filing a voluntary Petition for Relief (the "Petition") under Chapter 13 of the U.S. Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.* (the "Code").

2. Movant Cordell & Cordell PC is a law firm and professional corporation who previously represented Debtor in a state court divorce proceeding.

### JURISDICTION and VENUE

3. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334(b).

4. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E) and (O).

5.      Venue of this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409(a).

## FACTUAL BACKGROUND

6.      Debtor Ernest R. Hollenbeck was formerly represented in a divorce proceeding filed in the Court of Common Pleas of Allegheny County, Pennsylvania, by Defendant Cordell & Cordell, PC against Debtor's wife, April Hollenbeck.

7.      While representing Debtor in his divorce case, Cordell successfully negotiated an equitable distribution Consent Order between Debtor and April Hollenbeck. The Consent Order was signed by Judge Kim D. Eaton of the Court of Common Pleas of Allegheny County, and filed in the underlying divorce action on January 27, 2022. A copy of the Consent Order is attached hereto and made a part hereof as Exhibit A.

8.      Paragraph 4 of the Consent Order states, in pertinent part, that "In order to effectuate the equitable distribution scheme agreed upon by the parties, Wife shall pay to Husband the cash lump sum of Fifty-Seven Thousand Six Hundred and 00/100 dollars ($57,600.00) within ninety (90) days of the date of this Order. Said payment shall be made payable to 'Kimberly A. Nason and Ernie Hollenbeck' and forwarded directly to Attorney Nason at: Cordell & Cordell, P.C., 330 Grant Street, Suite 3130, Pittsburgh, PA 15219."

9.      Pursuant to paragraph 4 of the Consent Order, a check was written by April Hollenbeck dated April 25, 2022 in the amount of $55,600.00 jointly payable to "Kimberly A. Nason <u>and</u> Ernie Hollenbeck" (emphasis in original) and delivered to Cordell's offices in Pittsburgh. The memo line on the subject check states "Equitable Distribution Order". A true and correct copy of the April 25, 2022 check is attached hereto and made a part hereof as Exhibit B.

10.      The April 25, 2022 check has been in the sole possession of Cordell since April 25, 2022.

## BANKRUPTCY PROCEEDINGS

11. Debtor filed his Chapter 13 bankruptcy petition in this Court on August 3, 2022.

12. On September 28, 2022, Cordell filed a proof of claim indicating an unsecured claim in the amount of $48,490.76. A copy of the initial Proof of Claim is attached hereto as Exhibit C and made a part hereof. (Cordell had not retained bankruptcy counsel at the time it filed its initial Proof of Claim.)

13. Debtor filed his Complaint for Turnover of Estate Property (commencing the instant adversary proceeding) on November 7, 2022.

## BASIS FOR RELIEF REQUESTED

14. Cordell seeks leave of this Court to file an amended proof of claim to accurately reflect the secured status of Cordell's claim. *See* Proposed Amended Proof of Claim attached hereto as Exhibit D. (Depending on, *inter alia*, this Court's handling of the instant Motion, the actual amended Proof of Claim may differ in certain details than it appears currently in Exhibit D.)

15. Under Rule 3002(a) of the Federal Rules of Bankruptcy Procedure, the necessity of filing a proof of claim is limited to unsecured creditors and equity security holders. Specifically, Rule 3002(a) provides that "[a]n unsecured creditor or an equity security holder must file a proof of claim or interest for the claim or interest to be allowed…."

16. Secured creditors in chapter 7, 12, and 13 cases may, but need not, file a proof of claim. *See In re Oscar*, 2005 Bankr. LEXIS 3345, *7 (Bankr. E.D. Pa. 2005).

17. As held by the *In re Oscar* Court,

> [a]n unsecured creditor is required to file a proof of claim for its claim to be allowed, but filing is not mandatory for a secured creditor. In fact, a secured creditor need not do anything during the course of the bankruptcy proceeding because it will always be able to look to the underlying collateral to satisfy its lien.

3

*Id*. at \*7 (internal citations omitted).

18. In his Schedules filed in his bankruptcy case, Debtor listed the claims of Cordell as undisputed in the amount of $48,490.05.

19. Debtor did not identify Cordell's claim as contingent, unliquidated or disputed in his bankruptcy Schedules.

20. As set forth in its Answer and Affirmative Defenses filed in this proceeding, Cordell has a valid lawyers' retaining lien which attached to all property and documents in its possession.

21. Given that lawyers' retaining liens arise by operation of law, Cordell was a fully secured creditor at the time Debtor filed his bankruptcy petition due to its possession of the April 25, 2022, check. *See In re Sacco*, 99 B.R. 647, 651 (Bankr. W.D. Pa. 1989) ("An attorney's charging lien arises by operation of law. [N]o affirmative action is required to establish an attorney's charging lien.")

22. Moreover, as Cordell's legal representation of Debtor directly led to the creation of the April 25, 2022 check, Cordell also has a valid legal charging lien on the April 25 check.

23. As a fully secured creditor, Cordell was under no obligation to file a proof of claim in Debtor's bankruptcy.

24. Nonetheless, Cordell should be permitted to file an Amended Proof of Claim to clarify the record in this regard.

25. Courts liberally allow claim amendments when the purpose is to merely cure a defect in the previously-filed claim, describe the claim in more detail or plead new theories of recovery on the same facts presented in the initial claim. *See In re Ben Franklin Hotel Associates*, 186 F.3d 301, 309 (3d. Cir. 1999).

26. In the case of *In re Ben Franklin Hotel Associates*, the Third Circuit affirmed the U.S. Bankruptcy Court for the Eastern District of Pennsylvania's allowance of a creditor to file an amended proof of claim in the debtor's bankruptcy proceeding after creditor sought leave to add a co-plaintiff and additional claims in the corresponding state court action. *Id*.

27. Ultimately, the Third Circuit agreed with the Bankruptcy Court's reasoning that where the additional claims for damages and new theories of recovery were based on the same transactions as those alleged in the initial complaint, amendment of the original Proof of Claim to add the additional claims was proper. *Id*.

28. Similarly, here Cordell should be permitted to file its Amended Proof of Claim to clarify the nature of its claim.

29. Cordell is not attempting to add any new claims, nor assert any new facts, but rather merely seeks to clarify its initial Proof of Claim and describe its claim in more detail.

30. More importantly, Cordell's Amended Proof of Claim would be predicated on the same transaction as the one giving rise to the initial Proof of Claim, i.e., its representation of Debtor in his previous divorce proceeding.

31. Accordingly, given that both the initial Proof of Claim and the proposed Amended Proof of Claim would be predicated on the same transactions, there can be no question that Debtor was aware of the claims resulting therefrom and Cordell's Amended Proof of Claim would be of no unfair surprise to the Debtor.

32. Moreover, at the time of the filing of its initial Proof of Claim, Cordell was not represented by bankruptcy counsel and its proposed amended claim does not state a new claim but rather is only more particularly described based upon the advice of bankruptcy counsel.

33. Finally, given the size of Cordell's claim in comparison to the other claims against Debtor's estate, Debtor would not be prejudiced if leave is granted to file this amendment.

WHEREFORE, for the foregoing reasons, Defendant Cordell & Cordell PC respectfully requests that this Honorable Court grant its Motion for Leave to File an Amended Proof of Claim.

                Respectfully submitted,

                DICKIE, MCCAMEY & CHILCOTE, P.C.

                */s/ Samuel R. Grego*
                Samuel R. Grego, Esquire
                Michael T. Sweeney, Esquire
                Two PPG Place, Suite 400
                Pittsburgh, PA 15222-5402
                Telephone: (412) 281-7272
                sgrego@dmclaw.com
                mtsweeney@dmclaw.com

                *Counsel for Defendant*
                *Cordell & Cordell, PC*

Date: March 20, 2023