IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 22-21515-GLT |
| | ) | |
| ERNEST R. HOLLENBECK | ) | |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | |
| CORDELL & CORDELL PC | ) | |
| | ) | |
| Movant | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ERNEST R. HOLLENBECK | ) | |
| | ) | |
| Respondent | ) | |

## OBJECTION TO MOTION FOR LEAVE TO FILE
## AN AMENDED PROOF OF CLAIM

Respondent, by his undersigned counsel, files the within Objection to Movant's Motion for Leave to File an Amended Proof of Claim and states as follows:

1. Movant previously in this proceeding filed its Proof of Claim No.3 for general unsecured debt in the sum of $48,490.76 on September 28, 2022. Respondent submits this Proof of Claim is a judicial admission by Movant that it has no secured status respecting any asset which is part of the bankruptcy estate.

2. Contrary to Movant's assertions in its Motion, Rules 3002 (a) provides in pertinent part: "A <u>secured creditor</u>, unsecured creditor, or equity security holder <u>must</u> file a proof of claim or interest <u>for the claim or interest to be allowed</u>…" (emphasis supplied), with certain exceptions noted, none of which are applicable to this proceeding.

3. In a proceeding related to this bankruptcy, Respondent, as plaintiff, on November 7, 2022 commenced an adversary proceeding for turnover of a certain check issued prepetition in the joint payee names of Movant and Respondent ("Check"). Movant is named as the defendant in the adversary proceeding which remains pending at Adv No. 22-02065- GLT ("Turnover Proceeding").

4. The Check at issue in the Turnover Proceeding is clearly and indisputably an asset that is part of the bankruptcy estate under 11 U.S.C. § 541(a).

5. Defendant has raised as its principal defense in the Turnover Proceeding that it has a secured claim to the subject Check for counsel fees allegedly owed to Movant by Respondent for prepetition services rendered in conjunction with Respondent's divorce proceeding. Incidentally, in that regard, the Check at issue in the Turnover Proceeding represents a portion of Respondent's equitable distribution settlement in his divorce proceeding.

6. This Court entered a modified Case Management Order on January 12, 2023 [Doc. No. 18] in the Turnover Proceeding setting various deadlines for the parties to comply with, including a discovery deadline of March 20, 2023.

7. The within Motion was advanced by Movant on March 20, 2023, i.e. at the deadline established by the Court for completion of discovery in the Turnover Proceeding and approximately <u>four months</u> after the filing and service of the Complaint in the Turnover Proceeding upon Movant. Moreover, in the interim, the April 3, 2023 deadline set in the Case Management Order for the parties to submit Joint Exhibit Lists, Joint Stipulations of Fact, witness lists, exhibit lists and pretrial memoranda has also passed. Additionally, the April 17, 2023 deadline for the filing of motions for summary judgment under the Case Management Order is now looming.

8. Due to the Movant's delay in advancing its Motion for Leave to Amend its claim, Respondent has been prejudiced as the period for discovery in the Turnover Proceeding has now passed in addition to other significant deadlines for pretrial filings imposed under the Case Management Order. Moreover, Movant cannot advance any reasonable excuse for failing to include in its Proof of Claim No.3 any reference to the claim having secured status with respect to any asset of the bankruptcy estate. In this regard it is requested that the Court take judicial notice that the Movant is a law firm and not a lay party and therefore should be deemed to understand the consequences and import of filing a Proof of Claim in a bankruptcy proceeding.

9. Moreover, an Order was entered on January 26, 2023 in the within proceeding [Doc. No. 21] directing that the Check (in the possession of Defendant) was to be endorsed by both parties and delivered to the Chapter 13 Trustee within 10 days of the date of the Order. Notwithstanding the clear directive of this Order, the Check inexplicably remains in the possession of Defendant as of the date of filing of this Objection. Movant is therefore acting in clear disregard of its obligations under the Order, without excuse or explanation. Given its pattern of disregard in this matter Movant should not be granted <u>any</u> concession by the Court pertaining to its Proof of Claim and the associated judicial admission which, at this juncture, cannot and should not be permitted to be withdrawn.

WHEREFORE, Respondent requests the entry of an Order denying Movant's Motion for Leave to Amend its Proof of Claim with prejudice and further requests that Movant be held in contempt of court for its continuing failure to comply with the Court's January 26, 2023 Order with appropriate sanctions.

Respectfully submitted,

By:/s/ *Jeffrey T. Morris*
Jeffrey T. Morris
PA ID #31010
The Law Offices of Jeffrey T. Morris, LLC
6425 Living Place
Suite 200
Pittsburgh, PA 15206
412.480.3258

**CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that a true and correct copy of the foregoing Objection to Motion for Leave to File Amended Claim has been served by ECF notice and electronic mail, this 10th day of April 2023, upon the following:

Samuel Grego, Esq.
DICKIE MCCAMEY and CHILCOTE
PPG Place
Suite 400
Pittsburgh, PA 15222

/s/ *Jeffrey T Morris*
Jeffrey T. Morris